UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD BELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02907-JRS-MPB |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Donald Bell for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On May 24, 2018, a third superseding indictment was filed against multiple defendants, including Bell. *Bell v. United States*, 1:17-cr-162-JRS-MJD ("Crim. Dkt.") Dkt. 320. Bell was charged in the third superseding indictment with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841, 846 and 851 (Count One) and possession with intent to distribute methamphetamine on premises where children are present, in violation of 21 U.S.C. § 860a (Count Four). *Id.*

On April 24, 2018, the parties filed a petition to plead guilty (with a stipulated factual basis included) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 310. The parties agreed to a term of 300 to 324 months of imprisonment. *Id.* ¶ 7. Bell agreed to waive his right to appeal the conviction and sentence and agreed not to contest or seek to modify his conviction or sentence in any action, including § 2255 if his sentence was between 300 and 324 months' imprisonment. *Id.* ¶¶ 20-21. The agreement did not include any ineffective assistance of counsel claims. *Id.* The plea agreement did not contain any sentencing guidelines calculations.

On June 6, 2018, an information was filed pursuant to 21 U.S.C. § 851(A)(1) providing that Bell had a previous prior felony drug conviction. Crim. Dkt. 370.

On July 16, 2018, the Court held Bell's change of plea and sentencing hearing. Crim. Dkt. 406. After finding that Bell was fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact, the Court accepted Bell's plea. *Id.* Accepting the terms of the plea agreement, the Court sentenced Bell to a total of 300 months' imprisonment (240 months for Count 1 and 60 months, consecutive for Count 4) to be followed by ten years of supervised release. Crim. Dkt. 407.

Bell did not appeal. But, on July 15, 2019, Bell filed a motion to vacate his sentence under § 2255. Dkt. 1, 4.

### III. Discussion

In support of his § 2255 motion, Bell argues that Congress did not have the authority to enact the criminal laws under which he was convicted, that this Court did not have jurisdiction over him when he was convicted and sentenced, and that he is entitled to a reduction of his sentence under the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

First, Bell's claims that Congress did not have the authority to criminalize drug trafficking and that the Court did not have jurisdiction over him are procedurally defaulted because he could have brought them at trial or on direct appeal. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). Moreover, Bell has failed to show that Congress cannot criminalize drug trafficking or that this Court did not have jurisdiction over him. *See United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir. 1997) ("[I]t was within the authority of Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. § 846 and 841."); *United States v. McKinney,* 98 F.3d 974, 978 (7th Cir. 1996) (Congress has the authority to enact law governing drug transactions within 1000 feet of a public school); *United States v. Banks-Biombetti*, 245 F.3d 949, 953 (7th Cir. 2001) (challenge "to the federal territorial jurisdiction of the district court is frivolous and requires no further discussion.").

Next, Bell's claims under the First Step Act are more properly considered in a post-judgment motion in his criminal case brought pursuant to 18 U.S.C. § 3582. In fact, Bell has since filed a First Step Act motion and that motion is under advisement. Crim. Dkt. 581. Accordingly,

the Court will not rule on the merits of his First Step Act arguments in this § 2255 motion.

## IV. Conclusion

For the reasons explained in this Order, Donald Bell is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cr-162-JRS-MJD-5.** The motion to vacate, Crim. Dkt. [580] shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Bell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/26/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONALD BELL
15869-028
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

All Electronically Registered Counsel